IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| HOLY LAND FOUNDATION FOR | § | |
| RELIEF AND DEVELOPMENT (1) | § | |
|     also known as the "HLF" | § | NO. 3:04-CR-240-P |
| SHUKRI ABU BAKER (2) | § | |
| MOHAMMAD EL-MEZAIN (3) | § | |
| GHASSAN ELASHI (4) | § | |
| MUFID ABDULQADER (7) | § | |
| ABDULRAHMAN ODEH (8) | § | |

**DEFENDANTS' JOINT MOTION FOR RELIEF FOLLOWING ADMISSION OF EVIDENCE CONCERNING MARZOOK TRANSACTIONS**

SHUKRI ABU BAKER, MOHAMMAD EL-MEZAIN, GHASSAN ELASHI, MUFID ABDULQADER, AND ABDULRAHMAN ODEH, defendants in the above entitled and numbered cause, through their undersigned attorneys, respectfully move the Court for the following relief concerning evidence the Court admitted over objection on October 8, 2008 relating to alleged transactions involving Infocom Corporation, Mousa Abu Marzook, and Nadia Elashi:

    1.    Defendant Elashi moves for dismissal of Counts One, Eleven, and Twenty-Two on double jeopardy grounds.

    2.    As to the remaining counts, Elashi requests that the Court give Fifth Circuit Criminal Jury Instruction 1.30 (2001) for the evidence that the government introduced on October 8 concerning alleged transactions involving Infocom, Marzook, and Nadia Elashi.

3. Defendants Baker, El-Mezain, Abdulqader, and Odeh move for an instruction that the evidence concerning alleged transactions involving Infocom, Marzook, and Nadia Elashi cannot be considered against them for any purpose.

In requesting this relief, defendants do not waive any prior objections or motions that they have made with respect to evidence of the Infocom/Marzook/Nadia Elashi transactions. On the basis of those objections and the arguments set forth below, defendants ask, as an alternative to the relief requested in points 2 and 3 above, that the Court strike that evidence from the record and instruct the jury to disregard it entirely.

## BACKGROUND

On November 7, 2006, the United States District Court for the Northern District of Texas (Lindsay, J.) entered judgment of conviction against defendant Ghassan Elashi on various charges, including conspiracy to violate Executive Order 12947, in violation of 18 U.S.C. § 371, 50 U.S.C. §§ 1701-1705, and 31 C.F.R. § 595 et seq. ["the IEEPA conspiracy"] and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) ["the money laundering conspiracy"].[1] *See* Exhibit A at 2. The IEEPA conspiracy and the money laundering conspiracy arose from alleged transactions involving Infocom Corporation, Mousa Abu Marzook, and Nadia Elashi. Those conspiracies allegedly began in August 1995 and continued until July 2001. *See* Exhibit B, Counts Thirteen, Twenty-Four.

The indictment in this case charges Elashi and others with (among other offenses) conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1); conspiracy to violate Executive Order 12947, in violation of 50 U.S.C. §§ 1701-1706 and 31 C.F.R. § 595.201 et seq.; and conspiracy to commit money laundering, in

---

[1] Those convictions are currently on appeal to the Fifth Circuit.

DEFENDANTS' JOINT MOTION FOR RELIEF CONCERNING MARZOOK
TRANSACTIONS – PAGE 2

violation of 18 U.S.C. § 1956(h).  Those conspiracies allegedly began in January 1995 (or, for the material support conspiracy, October 1997) and continued until the indictment in July 2004. *See* Indictment, Counts One, Eleven, Twenty-Two.

On October 8, 2008, over objection--including a double jeopardy objection--the government introduced evidence of the same alleged transactions involving Infocom Corporation, Mousa Abu Marzook, and Nadia Elashi that formed the basis for the IEEPA conspiracy and the money laundering conspiracy on which Elashi was convicted in his previous trial.[2]  When Elashi's counsel requested a limiting instruction under Fed. R. Evid. 404(b) concerning this evidence, the government argued in part:

> Your Honor, the Government disagrees that this is a 404(b) issue.  *This activity is intrinsic to all of these activities.*  The evidence in this case has shown that these Defendants, these companies that they set up, are all intermingled, if you will--common directors, common employees, common--The evidence shows that InfoCom was used to store Holy Land Foundation records.  A lot of Holy Land Foundation records were there.  There is the commonality of Mousa Abu Marzook, who the evidence shows was an unemployed graduate student, and he is depositing hundreds of thousands of dollars in these entities and then that money is being funneled back to him.  *And all of these relationships are part of this arrangement or this conspiracy among these individuals to carry out the activities of the Holy Land Foundation and the activities of others associated with it.*

Bench Conference T. 4-5 (emphasis added) (attached as Exhibit C).

## ARGUMENT

I.  **THE COURT SHOULD DISMISS COUNTS ONE, ELEVEN, AND TWENTY-TWO AGAINST ELASHI ON DOUBLE JEOPARDY GROUNDS.**

The Court should dismiss the conspiracy charges against Elashi--Counts One, Eleven, and Twenty-Two--on double jeopardy grounds.  Elashi's conviction on the IEEPA conspiracy

---

[2] In the first trial of this case, conducted in 2007, the government scrupulously avoided presenting any evidence concerning the alleged transactions involving Infocom, Marzook, and Nadia Elashi.  The government gave no indication that it planned to present such evidence in this trial until, on October 7, it furnished a supplemental list of exhibits that it intended to introduce through Agent Miranda.

and the money laundering conspiracy in the prior trial bars prosecution on the conspiracy charges in this trial. *See, e.g., United States v. Deshaw*, 974 F.2d 667, 673-75 (5th Cir. 1992) (double jeopardy barred successive conspiracy prosecutions); *United States v. Levy*, 803 F.2d 1390, 1394-97 (5th Cir. 1986) (same); *United States v. Nichols*, 741 F.2d 767, 770-72 (5th Cir. 1984) (same); *United States v. Moncivais*, 213 F. Supp. 2d 704, 706-10 (S.D. Tex. 2001) (same); *United States v. Ramos-Hernandez*, 178 F. Supp. 2d 713, 717-22 (W.D. Tex. 2002) (same).

The Fifth Amendment Double Jeopardy Clause "'protects against a second prosecution for the same offense after conviction.'" *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). When both prosecutions are for conspiracy, the Fifth Circuit considers five factors to determine if the offenses are "the same" for double jeopardy purposes: (1) time; (2) persons acting as co-conspirators; (3) the statutory offenses charged in the indictments; (4) "the overt acts charged by the government or any other description of the offense charged that indicates the nature and scope of the activity that the government sought to punish in each case"; and (5) "places where the events alleged as part of the conspiracy took place." *United States v. Delgado*, 256 F.3d 264, 272 (5th Cir. 2001); *see, e.g., Nichols*, 741 F.2d at 770-72; *United States v. Marable*, 578 F.2d 151, 154 (5th Cir. 1978). "No one factor of the *Marable* analysis is determinative; rather all five factors must be considered in combination." *United States v. Cihak*, 137 F.3d 252, 258 (5th Cir. 1998). "If a defendant comes forward with a prima facie nonfrivolous double jeopardy claim, then the burden of establishing that the indictments charge separate crimes is on the government." *Delgado*, 256 F.3d at 270; *see, e.g., Deshaw*, 974 F.2d at 670; *Levy*, 803 F.2d at 1393-94; *Ramos-Hernandez*, 178 F. Supp. 2d at 718.

All five of the factors set forth above weigh in favor of finding a double jeopardy bar here. Those factors establish (1) that the IEEPA conspiracy on which Elashi stands convicted is the same offense for double jeopardy purposes as the material support and IEEPA conspiracies for which he is now on trial, and (2) that the money laundering conspiracy on which Elashi stands convicted is the same offense as the money laundering conspiracy for which he is now on trial. At a minimum, the analysis below shifts the burden to the government to show that the conspiracies charge different offenses.

### A.   Time.

The IEEPA and money laundering conspiracies for which Elashi was convicted in his prior trial allegedly began in August 1995 and ended in July 2001. *See* Exhibit B, Counts Thirteen, Twenty-Four. The IEEPA and money laundering conspiracies in this case allegedly began in January 1995 and ended in July 2004. *See* Indictment, Counts Eleven, Twenty-Two. The material support conspiracy allegedly began in October 1997 and ended in July 2004. Thus, the two conspiracies on which Elashi stands convicted span almost the same period as the three conspiracies for which he is on trial. This factor weighs heavily against the government. *See, e.g., Moncivais*, 213 F. Supp. 2d at 708; *Ramos-Hernandez*, 178 F. Supp. 2d at 719.

### B.   Co-Conspirators.

Elashi's alleged co-conspirators in the IEEPA conspiracy and the money laundering conspiracy were Bayan Elashi, Basman Elashi, Mousa Abu Marzook, Nadia Elashi, and Infocom. *See* Exhibit B, Counts Thirteen, Twenty-Four. Those same persons and Infocom are alleged to be co-conspirators in the three conspiracies at issue here, several of them in more than one capacity. Government's Trial Brief, Attachment A, at 5, 6, 8, 9 (Doc. 656, filed 5/29/07). Thus, *every one* of the alleged conspirators in Elashi's prior case is also alleged to be a

conspirator here. Although not all of the alleged co-conspirators in this case were alleged to be co-conspirators in Elashi's prior case, "the fact that there are fewer parties named in [the prior] indictment does not weigh in favor of multiple agreements"; what matters is that several of the "central characters"--including Elashi, his brothers Bayan and Basman, Marzook, and Infocom--are the same in the two cases. *Moncivais*, 213 F. Supp. 2d at 709; *see, e.g., Deshaw*, 974 F.2d at 674 (same); *Levy*, 803 F.2d at 1395 (same).

### C. Statutory Offenses Charged.

The IEEPA conspiracy in the prior case charged the same statutory offense as the IEEPA conspiracy in this case. Both counts allege a conspiracy to violate Executive Order 12947; both rely on IEEPA, 50 U.S.C. §§ 1701 et seq.; both rely on the same provisions in Title 31 of the Code of Federal Regulations; and both rely on the general federal conspiracy statute, 18 U.S.C. § 371. *Compare* Exhibit B, Count Thirteen, *with* Indictment, Count Eleven.[3]

Similarly, the money laundering conspiracy in the prior case and the money laundering conspiracy in this case both rely on 18 U.S.C. § 1956(h), and both cite violations of IEEPA as the underlying unlawful activity. *Compare* Exhibit B, Count Twenty-Four, *with* Indictment, Count Twenty-Two. Only the material support conspiracy in the current indictment (Count One) lacks a precise statutory analog in the prior case. The absence of a statutory match between the material support conspiracy and the prior IEEPA conspiracy, however, does not preclude finding that the two conspiracy counts charge the same offense. *See, e.g., Moncivais*, 213 F. Supp. 2d at 707, 709. Indeed, where the two non-identical statutes are "related"--as IEEPA and the material

---

[3] The IEEPA conspiracy count in the prior case explicitly cites 18 U.S.C. § 371, while the indictment in this does not. *Compare* Exhibit B, Count Thirteen, *with* Indictment, Count Eleven. Even though Count Eleven of the current indictment does not cite § 371, however, it necessarily rests on that statute; the specific IEEPA conspiracy provision--50 U.S.C. § 1705(b)--was not effective until 2007, long after the conduct at issue here. *See* Pub. L. 110-96, § 2(a), 110th Cong., 1st Sess., 121 Stat. 1011, 1011 (Oct. 16, 2007).

support statute undoubtedly are--this factor weighs in favor of finding that the offenses are the same. *See, e.g., Levy*, 803 F.2d at 1395; *Moncivais*, 213 F. Supp. 2d at 709; *Ramos-Hernandez*, 178 F. Supp. 2d at 721-22.

### D. Overt Acts or Other Description of the Offense.

Although the overt acts charged in the IEEPA conspiracy and the money laundering conspiracy from the prior case are not the same as the overt acts charged in the three conspiracies at issue here, they span similar time periods--1995 through 2001--and are of a similar character--transfers of money. Both indictments contain allegations concerning Executive Order 12947, the designation process, and the designation of Marzook as a Specially Designated Terrorist in August 1995. *Compare* Exhibit B, Introduction, ¶¶ 14-17, Count Thirteen, ¶ 6, *with* Indictment at 3-4, ¶¶ 6-8. And, according to the same government counsel who tried the prior case against Elashi, the alleged Marzook/Infocom/Nadia Elashi transactions at issue in that case are "intrinsic" to the conspiracies charged in this case. Indeed, according to government counsel, "all of these relationships are part of this arrangement or this conspiracy among these individuals to carry out the activities of the Holy Land Foundation and the activities of others associated with it." Exhibit C at 4-5.

*Levy* is highly instructive on this part of the five-factor standard. In that case, as here, the prior conspiracy (the "A" conspiracy) shared no overt acts with the second conspiracy (the "K" conspiracy). The Fifth Circuit observed that "[t]he disparity between the overt acts would, at first blush, indicate the existence of two separate conspiracies." 803 F.2d at 1395. But the court made clear that such a superficial comparison of the two conspiracies would not suffice: "In assessing a motion to dismiss on double jeopardy grounds . . . a court must look not only at the acts alleged in the two indictments, but also at the acts admitted into evidence at the trial or at

any hearing. The court must review the entire record and take a commonsense approach in determining the substance of each alleged conspiracy." *Id.*

Upon such "commonsense" review, the *Levy* court found that at the trial on the "A" conspiracy, the government "introduced evidence concerning virtually all the overt acts charged in the 'K' indictment." *Id.* Although the government contended that the overt acts from the "K" indictment had been introduced under Fed. R. Evid. 404(b) at the "A" trial, the Fifth Circuit found that the relationship between the acts alleged in the two conspiracy charges "raises an inference that only one agreement existed" and thus that the conspiracy counts charged the same offense for double jeopardy purposes. 803 F.2d at 1396; *see Nichols*, 741 F.2d at 772 (introduction under Rule 404(b) of acts underlying one conspiracy charge at trial of another conspiracy charge "tends to prove the existence of one conspiracy").

The *Levy* analysis is directly on point here. At trial on October 8, the government introduced into evidence (over objection)--just as it did in *Levy*--all of the overt acts alleged in the IEEPA conspiracy and the money laundering conspiracy on which Elashi stands convicted. *Compare* Exhibit B, Count Thirteen, Overt Acts 1 through 10, and Count Twenty-Four, Overt Acts 1 through 9, *with* GX Infocom Aging Report 3 and GX Infocom Bank Account-5, -6, -7, -8, -9, -10. Unlike in *Levy*, however, where the government at least argued that the overt acts from one conspiracy were extrinsic to the other--and thus admissible, if at all, under Rule 404(b)--the government here argued expressly that the overt acts from the conspiracies on which Elashi stands convicted do *not* fall under Rule 404(b) because they are "*intrinsic*" to the conspiracies charged in this case. Exhibit C at 4-5 (emphasis added). Thus, the *Levy* analysis applies with particular force here.

**E.     Places.**

All of the conspiracies at issue here are alleged to have occurred "in the Dallas Division of the Northern District of Texas."  Exhibit B, Counts Thirteen, Twenty-Four; Indictment, Counts One, Eleven, Twenty-Two.[4]  The headquarters of the two principal institutions involved--Infocom in the prior case, HLF in this one--were located in Richardson, Texas, across the street from each other.  All of the financial transactions that constitute the overt acts in the five conspiracies originated in Richardson.  This factor too weighs heavily in favor of finding that the IEEPA and money laundering conspiracies on which Elashi stands convicted are the same offenses as the material support, IEEPA, and money laundering conspiracies for which he is now on trial.  *See, e.g., Ramos-Hernandez*, 178 F. Supp. 2d at 720-21.

*  *  *  *

As this analysis demonstrates, the material support and IEEPA conspiracies in this case (Counts One and Eleven) are the same offense for double jeopardy purposes as the IEEPA conspiracy on which Elashi was convicted in the prior case (Exhibit B, Count Thirteen).  The money laundering conspiracy in this case (Count Twenty-Two) is the same offense as the money laundering conspiracy on which Elashi was convicted in the prior case (Exhibit B, count Twenty-Four).  Accordingly, the Court must dismiss Counts One, Eleven, and Twenty-Two against Elashi under the Fifth Amendment Double Jeopardy Clause.  At a minimum, Elashi has made a prima facie showing of a double jeopardy violation.  The government thus has the burden of showing that these alleged offenses are not the same as those on which Elashi was previously convicted.

---

[4] Four of these five counts--all except the money laundering conspiracy from the prior case--include the boilerplate "and elsewhere."

DEFENDANTS' JOINT MOTION FOR RELIEF CONCERNING MARZOOK
TRANSACTIONS – PAGE 9

## II. THE COURT SHOULD GIVE ELASHI A RULE 404(b) LIMITING INSTRUCTION.

Regardless of whether the Court dismisses Counts One, Eleven, and Twenty-Two against Elashi, it should give the jury the Rule 404(b) limiting instruction set forth in Fifth Circuit Criminal Jury Instruction 1.30 for the evidence introduced on October 8 concerning the alleged transactions involving Infocom, Marzook, and Nadia Elashi.  In particular, the Court should instruct the jury:

> Last Wednesday, October 8, you heard evidence of acts of defendant Ghassan Elashi involving Infocom, Mousa Abu Marzook, and Nadia Elashi which may be similar to those charged in the indictment, but which were committed on other occasions.  You must not consider any of this evidence in deciding if Mr. Elashi committed the acts charged in the indictment.  However, you may consider this evidence as to Mr. Elashi for other, very limited, purposes.
>
> If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether Mr. Elashi had the state of mind or intent necessary to commit the crimes charged in the indictment.  This is the limited purpose for which any evidence of other similar acts may be considered against Mr. Elashi.

*See* Fifth Circuit Criminal Jury Instruction 1.30 (as modified).  By requesting this limiting instruction, Elashi does not waive his objections to the introduction of the evidence at issue.[5]

## III. LIMITING INSTRUCTION AS TO OTHER DEFENDANTS.

Without waiving their motions for mistrial and for severance, defendants Abu Baker, El-Mezain, Abdulqader, and Odeh request a limiting instruction concerning the evidence of transactions involving Infocom, Marzook, and Nadia Elashi.  In particular, these defendants ask that the jury be instructed that this evidence may not be considered against them at all, for any purpose.  *See, e.g., United States v. Peterson*, 244 F.3d 385, 394-95 (5th Cir. 2001).

---

[5] Nor do we suggest that this limiting instruction will render harmless what we consider to be the highly prejudicial error in admitting the evidence.

## CONCLUSION

For the foregoing reasons, the Court should (1) dismiss Counts One, Eleven, and Twenty-Two as to defendant Elashi on double jeopardy grounds; (2) as to Elashi, give Fifth Circuit Criminal Jury Instruction 1.30 for the evidence that the government introduced on October 8 concerning alleged transactions involving Infocom, Marzook, and Nadia Elashi; and (3) as to defendants Baker, El-Mezain, Abdulqader, and Odeh, instruct the jury that the evidence introduced on October 8 concerning alleged transactions involving Infocom, Marzook, and Nadia Elashi cannot be considered against them for any purpose.

Respectfully submitted,

/s/ Theresa M. Duncan
NANCY HOLLANDER
New Mexico Bar Card No. 1185
Email: nh@fbdlaw.com
JOHN W. BOYD
New Mexico Bar Card No. 286
Email: jwb@fbdlaw.com
THERESA M. DUNCAN
New Mexico Bar Card No. 12444
Email: tmd@fbdlaw.com
FREEDMAN BOYD
HOLLANDER GOLDBERG & IVES P.A.
20 First Plaza, Suite 700
Albuquerque, New Mexico 87102
Office: 505.842.9960
Fax: 505.842.0697
ATTORNEYS FOR DEFENDANT
SHUKRI ABU BAKER (02)

JOSHUA L. DRATEL
New York Bar Card No. 1795954
AARON J. MYSLIWIEC
New York Bar Card No. 4168670
Law Office Of Joshua L. Dratel
2 Wall St.
3rd Floor
New York, NY 10005
Office: 212.732.0707

Email: jdratel@joshuadratel.com
ATTORNEYS FOR DEFENDANT
MOHAMMAD EL-MEZAIN (03)

LINDA MORENO
Florida Bar 0112283
LINDA MORENO, P.A.
P.O. Box 10985
Tampa, Fl 33679
Office: 813.247.4500
Email: linbianca@aol.com

JOHN D. CLINE
California Bar No. 237759
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104-1500
(415) 626-3939 (Telephone)
(415) 875-5700 (Facsimile)
jcline@jonesday.com (Email)
ATTORNEYS FOR DEFENDANT
GHASSAN ELASHI (04)

MARLO P. CADEDDU
Texas Bar Card No. 24028839
LAW OFFICE OF MARLO P. CADEDDU, P.C.
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Office: 214.220.9000
Fax: 214.744.3015
Email: cadeddulaw@sbcglobal.net
ATTORNEY FOR DEFENDANT
MUFID ABDULQADER (07)

GREG WESTFALL
Texas Bar Card No. 00788646
WESTFALL, PLATT & CUTRER
101 Summit Avenue, #910
Fort Worth, TX 76102
Office: 817.877.1700
Fax: 817.877.1710
Email: westfall@wpcfirm.com
ATTORNEY FOR DEFENDANT
ABDULRAHMAN ODEH (08)

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2008, I caused to be electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ Theresa M. Duncan
      THERESA M. DUNCAN